

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**LAURIE BELL-HOLCOMBE**

    **Plaintiff,**

v.                                                    Civil No. 2:08cv411

**KI, LLC,
and
KIVA, LLC,**

    **Defendants.**

## ORDER

This matter comes before the Court upon the September 2, 2008, motion of Ki, LLC ("Ki") and Kiva, LLC ("Kiva") (collectively, "Defendant")[1] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On September 26, 2008, Laurie Bell-Holcombe ("Plaintiff") filed a response. The motion is therefore ripe for review by this Court.

Fed. R. Civ. P. 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. Neitzke v. Williams, 409 U.S. 319, 326-27 (1989). When considering a motion made pursuant to Rule 12(b)(6), a court is generally limited to a review of the pleadings filed in the case. Exhibits attached to the pleadings are considered a part of the complaint. Fed. R. Civ. P. 10(c).

---

[1] Kiva, LLC, is a registered Virginia DBA for Ki, LLC; accordingly Ki, LLC and Kiva, LLC are one and the same. (Pet. for Removal, Ex.3.)

The Court of Appeals for the Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); Davis v. Hudgins, 896 F. Supp. 561, 566 (E.D. Va. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).

For the reasons contained below, this Court **GRANTS** the Defendants' motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations[2]

Ki is an Alaska corporation which maintains its principal place of business in Colorado Springs, Colorado. Kiva is an Alaska corporation and also maintains it principal place of business in Colorado Springs, Colorado. The Plaintiff is a resident of Virginia, yet maintains her principal residence in Murfreesboro, North Carolina. (Compl. ¶¶ 3-6.)

The practices alleged in her complaint were committed within the Eastern District of Virginia, specifically in Norfolk, Virginia Beach, and Chesapeake. Id. at ¶ 3.

Plaintiff began working for Defendant on September 3, 2002. Id. at ¶ 7. She was employed as an electronics technician and performed her duties in an exemplary manner

---

[2] This summary is based on the factual allegations contained in Plaintiff's Complaint which, only for purposes of resolving the Motion to Dismiss, are accepted as true. (Compl. ¶¶ 7-11.)

throughout her tenure of work. She also conducted work which required an equal or greater degree of skill, effort, and responsibility in the same or substantially similar working conditions as her male colleagues. The Plaintiff was never admonished, warned, or counseled--formally or informally--about any aspect of her performance at Ki. (Pl.'s Mem. in Opp'n to Mot. to Dismiss, Ex. 1, ¶4.) Nonetheless, the Defendant's male employees received substantially more pay than the Plaintiff. Id. at ¶ 2.

The Plaintiff complained to her employers about her disparate pay. She registered verbal and written complaints with management alleging that she was paid less than similarly situated men. (Pl.'s Mem. in Opp'n to Mot. to Dismiss 3.) Two weeks after filing the last of her written complaints of disparate pay, the Defendant terminated Bell-Holcombe's employment. Id.

### B. Procedural Background

On November 1, 2007, Plaintiff filed an action in the Circuit Court for the City of Chesapeake alleging unequal pay in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). On August 29, 2008, Defendant removed the case to the United States District Court for the Eastern District of Virginia.[3]

On September 2, 2008, the Defendant filed a Motion to Dismiss and/or for Summary Judgment for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff filed a timely Memorandum in Opposition to the Defendant's Motion to Dismiss and the Defendant filed a timely reply on October 1, 2008.

---

[3]This Court has original jurisdiction as the complaint arises under the laws of the United States. 28 U.S.C. § 1331. This Court also has jurisdiction over the claim as the amount in controversy exceeds $75,000.00, the action is between citizens of different states, and no exclusions apply. 28 U.S.C. § 1332.

The Motion is now ripe for judicial resolution.

## II. <u>LEGAL STANDARD</u>

### A. Rule 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits federal courts to dismiss an action for "failure to state a claim upon which relief can be granted." "At this stage of the litigation, we must accept [the plaintiff's] allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); accord <u>Slade v. Hampton Roads Regional Jail</u>, 407 F.3d 243, 248 (4th Cir. 2005).

Since the purpose of a Rule 12(b)(6) motion is to test the legal, but not the factual sufficiency of a complaint, a court's consideration is limited to the pleadings alone, drawing all reasonable inferences in favor of the plaintiff. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999). A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

### B. Applicable Law

Plaintiff brings her claims under the Equal Pay Act (EPA), which prohibits employers from providing unequal pay to an employee because of a person's gender. 29 U.S.C. § 206(d). The EPA is part of the Fair Labor Standards Act of 1938 (FLSA), as amended, and uses the FLSA enforcement scheme. 29 U.S.C. § 206(d)(3); <u>O'Neill v. Allendale Mut. Ins. Co.</u>, 956 F.Supp. 661, 665 n.8 (E.D. Va. 1997) (stating that the "Equal Pay Act . . . directly incorporates § 215(a)(3) of the FLSA"). See also <u>Usery v. Charleston County Sch. Dist.</u>, 558 F.2d 1169, 1170

(4th Cir. 1977) ("The Equal Pay Act . . . was enacted in 1963 as an amendment to the Fair Labor Standards Act . . . ."). The FLSA prohibits an employer from discriminating against any employee who "has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

In Count II of her claim, Plaintiff alleges that she "complained...of the disparate pay" she received at Ki, and Ki terminated her in retaliation for the complaint. (Compl. ¶¶ 11, 17.)

The legal issue is whether an employee's written complaints to her employer about allegedly unequal pay can constitute activity protected from retaliation under 29 U.S.C. § 215(a)(3).

The Fourth Circuit has consistently held that FLSA protection does not apply to an employee's internal complaint to the employer. See Ball v. Memphis Bar-B-Q Co., Inc., 228 F.3d 360, 364 (4th Cir. 2000) ("We would be unfaithful to the language of the testimony clause of the FLSA's anti-retaliation provision if we were to expand its applicability to intra-company complaints . . . ."). See also Whitten v. City of Easley, S.C., 62 Fed. Appx. 477, 480 (4th Cir. 2003) (noting that the Fourth Circuit "has expressly held that the FLSA's anti-retaliation provision does not extend to internal complaints."). In O'Neill, the district court stated that the protected activity undergirding an employee's FLSA/EPA relation claim be of the "well-defined universe of protected activities" provided in the statute; specifically, that the protected activity be the filing or instituting of a proceeding in a judicial or administrative forum. O'Neill, 956 F.Supp. at 664. The protected activity cannot be an "informal, unofficial protest[]." Id.

The general rationale for finding that internal complaints are not protected by § 215(a)(3) is two-fold. First, the plain language of § 215(a)(3) is only triggered where an employee has: (1)

5

"filed any complaint or instituted or caused to be instituted by any proceedings" under the FLSA; (2) "testified or is about to testify in an [FLSA] proceeding"; or (3) "served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). Because "filing" a complaint or "instituting" a proceeding under the FLSA contemplates some form of official procedure, an internal complaint does not initiate the protection of § 215(a)(3). See O'Neill, 956 F.Supp. at 663 (holding that an employee's internal complaints of failure to pay overtime, which resulted in employee's termination, was not within ambit of 29 U.S.C. § 215(a)(3) protection).

Secondly, the limited scope of the language of § 215(a)(3) is highlighted by a comparison with the anti-retaliation prohibition of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000(e). See also Boateng v. Terminex Int'l Co. Ltd. P'ship, 1:07cv617, 2007 U.S. Dist. LEXIS 65466 at **3-4 (E.D.Va. Sept 4, 2007). In Title VII's anti-retaliation provision, Congress made it unlawful to retaliate against an employee for not only making "a charge, testif[ying], assist[ing], or participat[ing] in an investigation, proceeding or hearing under this chapter," but also if an employee merely "opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e. Title VII's "opposition" clause has been held to encompass internal employee complaints of discrimination. See, e.g., Armstrong v. Index Journal Co., 647 F.2d 441, 448 (4th Cir. 1981). Because Congress chose not to include an "opposition" clause in § 215(a)(3), it stands to reason that Congress' intent was for § 215(a)(3) to cover a more narrow range of employee activities than are covered by the anti-retaliation clause of Title VII.

## III. ANALYSIS

In this case, the Plaintiff argues that an internal *written* complaint is sufficient to trigger the protective provisions of 29 U.S.C. § 215(a)(3). The Plaintiff argues four points: (1) the Equal

Pay Act prohibits an employer from retaliating against an employee who has filed *any* complaint, (2) the language of 29 U.S.C. 215(a)(3) is ambiguous, (3) the Plaintiff's internal complaint was written and not verbal, and (4) a comparison of the FLSA with the Federal Rail Safety Act reveals that the anti-retaliation statute should be read broadly. (Pl.'s Mem. in Opp'n to Mot. to Dismiss 5-8.) Each argument is addressed in turn.

### 1. Plain Language of the Statute

The Plaintiff has not alleged that she filed a complaint or instituted or caused to be instituted any proceeding that led to her termination. The plain language of the statute and Fourth Circuit precedent both make clear that the protection of §215(a)(3) is only triggered where an employee has either filed a complaint or instituted or caused to be instituted by any proceeding under the FLSA, testified or is about to testify in any FLSA proceeding, or served or is about to serve on an industry committee. 29 U.S.C. § 215(a)(3). Because "filing" a complaint or "instituting" a proceeding under FLSA contemplates some formal or official procedure, an internal complaint does not initiate protection of the statute. Since she failed to allege protected activity satisfying the terms of the statute, the Plaintiff's claim cannot survive a Motion to Dismiss.

### 2. Ambiguities of 29 U.S.C. 215(a)(3)

The Plaintiff also relies upon the vagaries and elasticity of the statutory language to support the view that an internal written complaint is protected behavior under 29 U.S.C. §215(a)(3). The Plaintiff contends that the phrase "filed any complaint or caused to be instituted any proceeding" to be ambiguous (Pl.'s Mem. in Opp'n to Mot. to Dismiss 6 (citing 29 U.S.C. § 215(a)(3).) The Plaintiff claims that since Congress placed the word "any" before complaint and

because Congress also failed to specify that the filing of the complaint needed to be with a court or agency, then Congress must have intended "complaint" to relate to less formal expressions of protest than an actual court or agency filing. Id. at 7. The Plaintiff primarily relies upon a First Circuit opinion in furtherance of this argument. See Valerio v. Putnam Associates, Inc., 173 F.3d 35, 41 (1st Cir. 1999).

The First Circuit opinion does point out a possible redundancy of the statutory language. The Valerio court wrote that courts have generally recognized that if "filed any complaint" in §215(a)(3) meant only filings with a court or government agency, then the additional language "or instituted or caused to be instituted any proceeding under or related to this chapter" is purely redundant. Valerio, 173 F.3d at 42 (quoting Bailey v. United States, 516 U.S. 137, 146 (1995)).

However, this case comes forward within the Fourth Circuit and the Plaintiff's argument is refuted by Fourth Circuit precedent. In Ball v. Memphis Bar-B-Q Company, Inc., the Court of Appeals narrowly construed the anti-retaliation provision in order to follow Congress' intent to limit the scope of retaliation prohibited by the FLSA. 228 F.3d 360, 364 (4th Cir. 2000). In Meredith-Clinevell v. Dep't of Juvenile Justice ex rel Virginia., the district court relied upon Fourth Circuit precedent to determine that even where the plaintiff's internal complaints about overtime compensation led to a formal investigation by the Office of Inspector General, the plaintiff could not state a claim for retaliation under § 215(a)(3). 344 F.Supp. 2d 951 (W.D. Va. 2004).

### 3. Distinction Between Forms of Internal Complaints

While it is also true that the previous cases within the Fourth Circuit dealt with verbal complaints, the Plaintiff's argument that her case is somehow different is a distinction without a

difference. While the distinction between an internal complaint to an employer and an external complaint to a government agency is real and significant, the same cannot be said for the distinction between a verbal internal complaint and a written external complaint. As evidenced in Meredith-Clinevell, a Plaintiff's informal verbal complaints to supervisors can cause the initiation of an investigation. Id. at 955. Even though the results of the investigation were favorable to the plaintiff, the initial informal complaints were not sufficient to trigger the anti-retaliation protection of § 215(a)(3). Accordingly, whether an internal complaint is oral or written is of no particular importance when considering whether the plain language of §215(a)(3) is broad enough to cover an employees' internal complaints.

### 4. Comparison with the Federal Rail Safety Act

Furthermore, this Court is not persuaded by the Plaintiff's comparison of the FLSA with the Federal Rail Safety Act ("FRSA").

The Plaintiff relies upon the Fourth Circuit's decision in Rayner v. Smirl, to support the view that 29 U.S.C. § 215(a)(3) encompasses internal complaints. 873 F.2d 60 (4th Cir. 1989). In Rayner, the Fourth Circuit noted that both the legislative history of the FRSA and the comprehensive remedial scheme available to railroad employees established a broad construction and made the statute applicable to whistle-blowers who filed internal safety complaints. Id. at 64-65.

However, this district has previously rejected the argument that the FLSA should be interpreted like the FRSA. Boateng, 2007 U.S. Dist. LEXIS 65466 at *7. The Rayner court adopted a broad reading of the FRSA because it was the most expansive and comprehensive rail safety legislation ever enacted by the Congress. The Boateng court pointed out, however, that the

reasons for the decision in <u>Rayner</u> were specific to railroad and safety legislation and were therefore not helpful in the FLSA context. <u>Id.</u> (stating that "[s]uch reasons cannot justify a similarly broad reading of FLSA, which . . . was not enacted specifically out of concern for the physical safety of the public at large . . . .").

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss. The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
October, 20 2008